Allen **FEINGOLD,** Appellant

v.

**John P. HENDRZAK, Abraham, Bauer, and Spalding, P.C., Jerry Davis, Leigh Davis, Herbert Freed, Law Offices of John P. Hendrzak, Marc Manzione, Kimberly McCarthy, Palmer and Barr, Bruce Pancio, Pennsylvania Orthopedic Associated, Theresa Simmons, State Farm Insurance Company and Zurich Personal Insurance Company, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 2011.

Filed Feb. 22, 2011.

Allen Feingold, appellant, pro se.

Josh J.T. Byrne, for Abraham, Bauer and Spalding, appellee.

Andrew P. Moore, Abington, for Pa. Orthopedic, appellee.

Kristy Castagna, Norristown, for Palmer and Barr, appellee.

MaryAnn Hanna, Philadelphia, for State Farm, appellee.

Kevan F. Hirsch, Blue Bell, for Zurich, appellee.

Meghan McDonald, Willow Grove, for Freed, appellee.

BEFORE: STEVENS, P.J., FREEDBERG, and PLATT *, JJ.

OPINION BY STEVENS, P.J.:

Appellant, Allen Feingold, files this *pro se* appeal from the May 13, 2010 order of the Court of Common Pleas of Montgomery County, sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice. After careful review, we affirm and find Appellant's complaint to be utterly frivolous. Due to Appellant's repetitive filing of baseless appeals in this Court, we *sua sponte* award all Appellees in the instant case attorney's fees and remand to the trial court for calculation of these fees.

Appellant, a former Pennsylvania attorney,[1] previously filed a lawsuit on behalf of Leigh Davis, Jerry Davis, and Davis, Inc. to seek relief for personal injuries and property damages they sustained in a automobile accident involving three vehicles (hereinafter the "Davis action"). The Davises brought suit against the drivers of both vehicles, Kimberly McCarthy and Herbert Freed, and their respective automobile insurance companies, Zurich and State Farm. When the Davis action was eventually set for trial in June 2006, Appellant did not appear in court as his law license had been suspended. As Appellant

---

\* Retired Senior Judge assigned to the Superior Court.

1. In 2006, Appellant was suspended from the practice of law for five years for several acts of misconduct which included: allowing a client to give false testimony, filing frivolous claims of fraud and civil conspiracy against opposing counsel, and assaulting a judge who ruled against Appellant's client in an arbitration hearing. After Appellant failed to notify his clients of this disciplinary action and continued practicing law while suspended, Appellant was disbarred by our Supreme Court on August 22, 2008. *See Office of Disciplinary Counsel v. Feingold,* 93 DB 2003; 92 DB 2005; Nos. 1093 and 1161 Disciplinary Docket No. 3.

apparently failed to notify the Davises of both his suspension and the date their trial was set to begin, the Davises failed to appear for their court date and their action was dismissed as a non-suit. Accordingly, the Davises hired Richard Abraham, Esq. of Abraham, Bauer & Spalding, P.C. to file a malpractice suit against Appellant.

Appellant filed the instant lawsuit *pro se* on December 10, 2009 against all the defendants in the Davis action as well as all of the following parties: Zurich's attorneys, John P. Hendrzak, Esq. and the Law Office of John P. Hendrzak; State Farm's attorneys, Bruce Pancio, Esq., Theresa Simmons, Esq., and their firm, Palmer and Barr; the medical experts hired by the defense, Marc Manzione, M.D. and Pennsylvania Orthopedic Associated; the Davises themselves, Atty. Abraham, and Abraham, Bauer & Spalding, P.C. (referred to collectively as "Appellees"). Appellant generally claimed Appellees "conspired to damage . . . [Appellant], by doing everything possible, whether proper, fraudulent, or improper," to deprive him of benefits he was allegedly entitled to, essentially attorney's fees in the Davis action. Complaint, at ¶ 34. Appellant accused all Appellees of "withholding proper, discoverable evidence [and] lying about its existence." *Id.* To further his attack, Appellant claimed Appellees employed Dr. Manzione as a medical expert to be "totally biased against the injured plaintiffs." *Id.*

All Appellees filed preliminary objections in the nature of a demurrer and to challenge Appellant's lack of standing to sue. *See* Pa. R.C.P. 1028(a)(4)-(5). On May 13, 2010, the trial court sustained Appellees' preliminary objections and dis-

missed Appellant's complaint with prejudice. Appellant filed a notice of appeal on June 10, 2010. In response, the trial court entered an order docketed on June 25, 2010, directing Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one (21) days of its order. Twenty-four days later, Appellant filed his concise statement on July 19, 2010.

■ Before we reach the merits of Appellant's claims, we must decide whether they are preserved for our review under Pa.R.A.P. 1925(b). This Court has held that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa.Super.2007) (emphasis in original) (citing *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005)). In *Castillo*, our Supreme Court concluded that an untimely filing of a concise statement resulted in waiver of all issues on appeal and mandates dismissal of the appeal.[2]

However, before we find waiver, we must determine whether the trial court's order directing Appellant to file a concise statement is proper:

Contents of order.—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

---

**2.** "Rule 1925(b) applies to both criminal and civil cases, and [waiver] is equally applicable in civil cases." *Forest Highlands Community Ass'n v. Hammer*, 879 A.2d 223, 226 n. 2

(Pa.Super.2005) (citing *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 n. 2 (Pa.Super.2000)).

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

In this case, the trial court's June 25, 2010 order properly directed Appellant to "file with the Office of the Prothonotary of Montgomery County a Concise Statement ... within twenty-one (21) days from the date of this Order" and to serve a copy to the trial court. Trial Court Order, 6/25/10, at 1. The order also indicated that a "failure to timely file and serve said Statement shall be deemed a waiver of all claimed errors." *Id.* at 2. Appellant filed an untimely concise statement twenty-four days after the trial court's order. As a result, all of Appellant's issues are waived on appeal.

**■** Even if we overlook waiver in this case, we find the trial court did not err in sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice. Our review of a challenge to a trial court's decision to grant preliminary objections is guided by the following standard:

[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.

Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super.2011)

**■** First, we agree with the trial court that Appellant lacks standing to bring this lawsuit to recover attorney's fees from all Appellees for his prior representation of Leigh Davis, Jerry Davis, and Davis, Inc.

The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution to his challenge.

An individual can demonstrate that he has been aggrieved if he can establish that he has a substantial, direct and immediate interest in the outcome of the litigation.... The interest is direct if there is a causal connection between the asserted violation and the harm complained of; it is immediate if that causal connection is not remote or speculative.

*Johnson v. American Standard,* —— Pa. ——, 8 A.3d 318, 329 (2010).

In his complaint, Appellant baldly asserts that Appellees' wrongful conduct prevented him from collecting attorney's fees in the Davis action. As the Davis action was dismissed as a non-suit, likely due to Appellant's failure to notify his clients of their scheduled trial date and his suspension from the practice of law, any potential fees to which Appellant might have been entitled are merely speculative. Even if

we assume that Appellant was entitled to fees in the Davis action, Appellant does not specify the basis upon which he is entitled to recover these fees from the Davises or any other Appellee. As such, Appellant's claim is legally insufficient pursuant to Pa. R.C.P. 1028(a)(3). *See Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa.Super.2006) (finding a complaint is legally insufficient under Rule 1028(a)(3) if the plaintiff fails to provide the specific basis on which recovery is sought).

Further, Appellant's complaint is also legally insufficient as it is devoid of factual averments that would entitle him to relief on any of his claims. It is well-established that a plaintiff must provide sufficient factual averments in his on her complaint to sustain a cause of action. "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Foster v. UPMC South Side Hosp.,* 2 A.3d 655, 666 (Pa.Super.2010) (quoting *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa.Super.2008)).

Appellant's complaint contains five untitled sections in which he appears to raise claims of civil conspiracy, defamation, fraud, abuse of process, and intentional infliction of emotional distress against all Appellees. However, when reviewing these claims, we agree with the trial court's finding that Appellant's complaint "contains nothing more than conclusory[,] unsubstantiated suspicions and allegations that [Appellees] engaged in improper and fraudulent conduct intended to deprive [Appellant] of money to which he was allegedly entitled." Trial Court Opinion, 8/12/10, at 8. Although Appellant set forth the elements of each claim, he has pled no material facts that, if proven, would entitle him to relief. As the trial court has ex-

plained why each of Appellant's claims is legally insufficient, we rely on the trial court's thorough, well-reasoned opinion.

We note with displeasure that Appellant has filed nearly identical lawsuits against other defendants, along with their attorneys, insurance companies, and medical experts. In each case, Appellant claims all parties conspired to withhold discovery and abused the legal process to Appellant's detriment, intending to deprive him of counsel fees and to cause him emotional distress. This Court has affirmed the dismissal of these mirror lawsuits for Appellant's failure to plead any material facts, as seen in this Court's opinion in *Feingold v. Hill,* 360 Pa.Super. 539, 521 A.2d 33 (1987):

> [T]he complaint alleges that a variety of intentional torts were committed by appellees, individually and in concert, against appellant, including *fraud, deceit, conspiracy, intentional infliction of emotional distress, interference with a business relationship, and defamation.* However, a review of the complaint reveals that the only factual details given by appellant to support his allegations are in the form of a rambling recitation of the background ..., accompanied by repeated assertions that the unfavorable outcomes appellant suffered in each instance were the result of unfair treatment and malicious intent on the part of the various appellees. Furthermore, appellant's brief on appeal, while accurately setting forth the prima facie elements which comprise each of the alleged intentional torts, does not cite any factual examples from the complaint to demonstrate how the prima facie elements of these torts were pled with any specificity.
>
> *Blind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery.* Even our present liberalized

system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the prima facie elements of the tort or torts alleged. Pa.R.C.P. 1019(a). Appellant has failed to call to this Court's attention any factual averments which may have been overlooked by the trial judge in his assessment of the complaint as legally insufficient. As such, we see no reason to disturb the trial court's finding on this issue.

*Id.* at 38–39 (some citations omitted) (emphasis added).

In disregard of this Court's ruling, Appellant has continued his pattern of vexatious litigation against other defendants, but none of his complaints have survived preliminary objections to their legal insufficiency.[3] In fact, Appellant's March 2006 suspension was based in part on other frivolous actions against opposing counsel and defendant insurance companies on the basis of fraud and conspiracy. *See Office of Disciplinary Counsel v. Feingold,* 586 Pa. 655, 896 A.2d 1161 (2006). It is not coincidental that Appellant's complaint in this case consists of cobbled together paragraphs of different fonts and spacing, seemingly photocopied from his previously filed complaints with the counts renumbered by hand.[4]

We cannot ignore Appellant's repeated abuse of the court system to harass defendants and opposing counsel with lawsuits that contain nothing more than unfounded allegations. Our rules of appellate procedure allow this Court to *sua sponte* impose an award of reasonable counsel fees against a party if we determine that "the appeal is wholly frivolous ... or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744. As explained above, it is blatantly clear that Appellant filed this frivolous lawsuit and subsequent appeal to vex Appellees with complete disregard for our court system, our rules of civil procedure, and the legal profession. We find it appropriate to award all Appellees counsel fees to deter Appellant from filing frivolous actions in the future. Accordingly, we affirm the trial court's order sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice. We remand to the trial court for the calculation of reasonable counsel fees.

Affirmed. Remanded for the imposition of counsel fees. Jurisdiction relinquished.

**3.** *See Feingold v. Cummins, et al.,* No. 09–2161, 2009 WL 2137288 (E.D.Pa. July 16, 2009); *Feingold and Dean v. Partenheimer, et al.,* 1489 EDA 2009, 4 A.3d 694 (Pa.Super. filed June 22, 2010) (unpublished memorandum); *McCuen and Feingold v. McNulty, et al.,* 1486 EDA 2009, 6 A.3d 548 (Pa.Super. filed June 22, 2010) (unpublished memorandum); *Smietana and Feingold v. State Farm, et al.,* 501 EDA 2009, 4 A.3d 207 (Pa.Super. filed May 27, 2010) (unpublished memorandum); *Feingold v. Whole Foods Market, Inc.,* 1748 EDA 2008, 976 A.2d 1219 (Pa.Super. filed May 18, 2009) (unpublished memorandum); *Smith and Feingold v. Travelers Ins. Co., et al.,* 822 EDA 2007, 959 A.2d 982 (Pa.Super. filed July 16, 2008) (unpublished memorandum); *Mansaray and Feingold v. Gerolamo, McNulty, Divis & Lewbart, et al.,* 318 EDA 2007, 953 A.2d 612 (Pa.Super. filed March 20, 2008) (unpublished memorandum). As Appellant was either suspended or disbarred upon filing these lawsuits, he attempted to continue practicing law by proceeding *pro se* alongside his clients.

**4.** Although Appellant was the sole plaintiff in the instant case, we observe that his complaint refers to multiple "plaintiffs" and even claims [Appellees] intended to damage "her" reputation. Complaint, at 7, 11.