J. A11011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANTHONY S. MINA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ENET ADVERTISING, | : | No. 3171 EDA 2013 |
| OPTIMA WEBDESIGN, RONALD SHUR | : | |
| AND NICKOLAI POTAPOV | : | |

Appeal from the Order Entered October 9, 2013,
in the Court of Common Pleas of Chester County
Civil Division at No. 2013-02649

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED JUNE 16, 2015**

Appellant appeals from the order dismissing his complaint with prejudice.  Finding no error, we affirm.

On November 11, 2011, appellant and appellee entered into a written agreement wherein, in exchange for $25 per month, appellee agreed to host an internet website advertising appellant's business.  There was also a one-time charge of $200.  The website was apparently created, but was never precisely to appellant's liking; consequently, over a period of months, appellant communicated numerous changes that he wanted made to the website.  On the other hand, there were also later communications from appellant to appellee directing it to make no changes to the website.  When appellant subsequently expressed a desire to have another entity host his

website, he claims appellee would not provide access information to its website.

Ultimately, on March 15, 2013, appellant filed a **pro se** complaint. The first count presented a vague claim sounding in both breach of contract and fraud. The complaint also contained three additional counts, all seeking injunctive relief in the amount of $222,222 per day, until appellee provided all website access information.

On May 7, 2013, appellee responded with a motion to dismiss the complaint on the bases that the breach of contract claim failed to state any damages or any basis for determining damages, and that the fraud claim was not pleaded with sufficient particularity.

Oral argument was heard on September 12, 2013. Prior to the hearing, appellee apparently submitted a memorandum to the court that also argued that appellant's tort claim was subsumed by the breach of contract claim pursuant to the "gist of the action" doctrine. On October 9, 2013, the trial court dismissed appellant's complaint. According to the trial court's opinion, it did so with prejudice because it was undisputed during the hearing that appellee had performed the work required under the agreement and there was no breach, and also that appellant could not possibly state a

claim for fraud even if permitted to amend the complaint.[1]   (Trial court opinion, 10/31/14 at 2-3 (by our count).)  This timely appeal followed.

Appellant raises the following issues on appeal:

1.      Judge Braxton abused his discretion dismissing Plaintiff's Breach of Contract claim because Plaintiff's Complaint stated an agreement that was made between Plaintiff and Defendant, an agreement that Plaintiff paid Defendant for and an agreement Defendant refused to fulfill.  A jury is to determine whether a contract has been proven, its terms and extent.  O'Neil v. ARA Services, Inc., 457 F Supp. 182 1978 U.S. Dist. Lexis 16125, 151 LRRM 4846 (E.D. Pa. 1978)

2.      Judge Braxton abused his discretion dismissing Plaintiff's Fraud claim because Plaintiff's Complaint stated an agreement that was made between Plaintiff and Defendant, an agreement that Plaintiff paid Defendant for and an agreement Defendant refused to fulfill while promising repeatedly to be fulfilling promised agreement (While a mere breach of a promise does not constitute fraud, nevertheless, fraud may be predicated on the nonperformance of a promise in certain cases where the promise is the device to accomplish fraud Pichler v. Snavely, 53 Lanc. Rev. 43 (Pa. Com. Pl. 1952)).

3.      Judge Braxton abused his discretion by allowing Defendant to enter another defense to Plaintiff's Complaint at September 12, 2013 hearing because Judge Braxton told Plaintiff on May 20, 2013 that oral argument was being heard on Defendant's Motion to Dismiss Plaintiff's Complaint on May 20, 2013 and Plaintiff was not entitled to another oral

---

[1]  We note that appellant has failed to have the hearing transcribed, rendering it impossible to review the trial court's conclusions in this regard.

argument. Plaintiff had yet to file a response to Defendant's Motion to Dismiss filed May 7, 2013 and Judge Braxton found on May 20, 2013 that Plaintiff was unprepared for the May 20, 2013 hearing which Court Administration scheduled as "pre-trial conference", as such, Judge Braxton held oral argument on the Motion to Dismiss on May 20, 2013. A true and correct copy of Defendants [sic] argument memorandum which includes defenses not raised in Defendant's Motion to Dismiss filed May 7, 2013, not heard by the court on May 20, 2013 but allowed to be raised by Defendant on September 12, 2013 is attached hereto as Exhibit B.

4. Judge Braxton abused his discretion by dismissing Plaintiff's Complaint prior to Discovery because Plaintiff filed a Notice to Attend and Produce and Motion to Compel Discovery on August 21, 2013 that Defendant refused to comply with. The items Plaintiff requested in Discovery and in the Notice to Attend and Produce were all pertinent and relevant to claims set forth against Defendant.

5. Judge Braxton abused his discretion by dismissing Plaintiff's Complaint because Plaintiff and Defendant presented conflicting testimony (while Plaintiff had evidence to support his argument) and under the rules of general application, questions of fact upon conflicting evidence are to be determined by the jury, while questions of law are to be determined by the court. Carnicelli v. Bartram, 289 Pa. Super. 424, 433 A.2d 878 (1981).

Appellant's brief at 6.

Preliminarily, we admonish appellant that engaging in repugnant character assassination against both the trial court and a particular member of this court does nothing to advance his cause. (Appellant's brief at 4 and

9.)  Such ***ad hominem*** attacks are juvenile, and to the extent that they challenge the integrity of the judges at issue, they instead give us pause to doubt appellant's own integrity.  Appellant's bizarre rant on page four of his brief is likewise disturbing.  (Appellant's brief at 4.)

Turning now to the case at hand, we note that the motion to dismiss filed in this case should have more properly been styled as a preliminary objection in the nature of a demurrer.  ***See*** Pa.R.C.P., Rule 1028(a)(4), 42 Pa.C.S.A.  As such, the following standard of review is applied:

> The standard of review we apply when reviewing a trial court's order granting preliminary objections in the nature of a ***demurrer*** is as follows:
>
>> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law.  When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>>
>> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint.  When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom.  Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.  If any doubt exists as to whether

> a demurrer should be sustained, it
> should be resolved in favor of overruling
> the preliminary objections.

***Liberty Mutual Insurance Co. v. Domtar Paper Co.***, 77 A.3d 1282, 1285 (Pa.Super. 2013) ***affirmed***, ___ A.3d ___, 2015 WL 1888572 (Pa. Apr 27, 2015), quoting ***Feingold v. Hendrzak***, 15 A.3d 937, 941 (Pa.Super. 2011).

We begin by finding that appellant has effectively waived his issues on appeal. In the argument section of his brief, appellant merely repeats his Statement of Questions Involved from page six of his brief, but without any additional relevant analysis or discussion. Each issue described in the Statement of Issues Involved amounts to two or three sentences. Such spare argument does not allow meaningful appellate review. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Umbelina v. Adams***, 34 A.3d 151, 161 (Pa.Super. 2011), ***appeal denied***, 47 A.3d 848 (Pa. 2012), quoting ***In re W.H.***, 25 A.3d 330, 339 (Pa.Super. 2011), ***appeal denied***, 24 A.3d 364 (Pa. 2011) (citations omitted). We find appellant has waived his claims. Nonetheless, for purposes of any further attempt at review by appellant, we will briefly indicate why his complaint was properly dismissed.

In his first issue, appellant asserts that the breach of contract claim was improperly dismissed. "A breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and

(3) damages." ***Kirschner v. K&L Gates LLP***, 46 A.3d 737, 755 (Pa.Super. 2012), ***appeal denied***, 65 A.3d 414 (Pa. 2013). After the hearing on the motion to dismiss his complaint, the trial court stated:

> Here, viewing the complaint in its entirety, it was not abundantly clear whether the facts averred, if proved true, would establish that plaintiff suffered damages from the alleged actions or inaction of defendants. Upon consideration of the positions advanced by the parties at oral argument, it became apparent that plaintiff could not state a claim in breach of contract if given leave to amend the complaint. At oral argument, there was no dispute as to the subject matter and terms of the agreement between the parties. It was also undisputed that defendants performed the work required under the agreement by creating the website with the pictures and information provided by plaintiff to defendants, and that the website is running. For this reason, we believe that plaintiff cannot state a claim in breach of contract against defendants. Thus, we find plaintiff's first issue to be without merit.

Trial court opinion, 10/31/14 at 2 (by our count).

At the hearing, the trial court indicated that there was no evidence of any breach and that it was not disputed by appellant. Thus, the trial court decided as a matter of law that there was no breach. As noted earlier, appellant's failure to provide us with a transcript of this hearing renders it impossible for this court to review the trial court's conclusion of law. Moreover, our independent review of the complaint itself does not lead us to conclude that the trial court was in error. We find no error.

In his second issue, appellant contends that the trial court erred in dismissing his fraud claim. A claim for fraud must be averred with

particularity. ***Ellison v. Lopez***, 959 A.2d 395, 398 (Pa.Super. 2008), ***appeal denied***, 968 A.2d 233 (Pa. 2009). "The test for fraud is: (1) a misrepresentation; (2) a fraudulent utterance; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as a proximate result." ***Id.*** Appellant's complaint contained none of these averments. Rather, the complaint contained precepts of fraud law, but no averments regarding appellee in particular. Basically, the complaint only stated that the website was not completed to appellant's liking. Finally, the trial court concluded that even if given leave to amend the complaint, appellant could not state a cause of action for fraud. (Trial court opinion, 10/31/14 at 3 (by our count).)

In his third issue, appellant argues that the trial court improperly permitted appellee to raise a defense that was not raised in the motion to dismiss. We assume, because he does not identify the defense, that appellant is referring to the gist of the action doctrine that was raised in appellee's hearing memorandum but not in the motion to dismiss. The trial court did not dismiss any part of appellant's complaint on this basis and there is no prejudice to appellant.

In his fourth issue, appellant complains that the trial court improperly dismissed the complaint before permitting discovery. Simply stated, discovery cannot go forward until a litigant has demonstrated that a cause of

action exists upon which discovery can be made. Appellant failed to demonstrate a cause of action.

In his fifth and final issue, appellant posits that the trial court erred in dismissing his complaint because the parties presented conflicting testimony at the hearing. Again, without a hearing transcript we cannot review the court's findings that the existence of the agreement and appellee's performance were undisputed, and that no breach of contract existed as a matter of law.

Accordingly, having found no merit in the issues on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2015