J-A17028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BOCHETTO & LENTZ, P.C., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WFIC, LLC, ACE AMERICAN INSURANCE CO., WEST CHESTER FIRE INSURANCE CO., POWELL, TRACHTMAN, LOGAN CARR+LE & LOMBARDO, P.C., MICHAEL TRACHTMAN AND BRIAN ANDERSEN, | |
| Appellees | No. 2828 EDA 2014 |

Appeal from the Order Entered September 22, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 01010 April Term 2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 30, 2015**

Bochetto & Lentz, P.C. (Bochetto & Lentz) commenced this wrongful use of civil proceedings action in April 2014, pursuant to the Dragonetti Act, 42 Pa.C.S. § 8351.  Defendants-below consisted of two groups: (1) Michael Trachtman, Esq.; Benjamin Anderson, Esq.; and Powell Trachtman Logan Carrle & Lombardo, P.C. (Attorney Defendants); and (2) WFIC, LLC; Ace American Insurance Company; and West Chester Fire Insurance Company (Corporate Defendants).  The Attorney Defendants and Corporate Defendants filed preliminary objections in the nature of a demurrer.  On September 22, 2014, the trial court sustained the preliminary objections and dismissed the complaint.  Bochetto & Lentz timely appealed.  We affirm.

Bochetto & Lentz raise the following issues on appeal:

1. Whether the trial court erred in sustaining Defendants' preliminary objections and dismissing [Bochetto & Lentz's] wrongful use of civil proceedings claim on the basis that Defendants were not grossly negligent (or had probable cause) to file the underlying WFIC v. LaBarre action: (a) where Defendants' chief "payment intangible" legal theory had no legal support; (b) where [Bochetto & Lentz] had well-settled affirmative defenses as a good faith transferee under the [Uniform Commercial Code] to all of Defendants' theories of liability [in the underlying action]; (c) where the Attorney Defendants admitted they had not sufficiently investigated [Bochetto & Lentz's] role in the transactions at issue prior to filing their claims against [Bochetto & Lentz]; (d) where Defendants, through their assignee, made prior judicial admissions that directly contradicted Defendants' allegations in the underlying action; and where the assignment to WFIC was illegal and champertous.

2. Whether the trial court erred in sustaining Defendants' preliminary objections, where Defendants acknowledged that they never possessed any evidence of [Bochetto & Lentz's] intentional tortious conduct, and yet still filed and prosecuted claims for tortious interference with contractual relations and civil conspiracy both of which require proof of [Bochetto & Lentz's] intentional conduct.

Appellant's Brief at 4.

Our standard of review is settled.

[We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be

unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Majorsky v. Douglas*, 58 A.3d 1250, 1268-69 (Pa. Super. 2013) (quoting

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011)).

We have reviewed the certified record, the briefs of the parties, the applicable law, and the well-reasoned opinion authored by the Honorable Patricia A. McInerney of the Court of Common Pleas of Philadelphia County, dated December 19, 2014. At issue in the preliminary objections filed by Defendants-below was whether Bochetto & Lentz could establish *the absence of probable cause* in Defendants' pursuit of their claims in the underlying action. *See* Trial Court Opinion, 12/19/2014, at 6. The trial court determined Bochetto & Lentz could not, and we agree. *Id.* at 6-7.[1]

---

[1] Bochetto & Lentz's principal argument challenged reliance upon the so-called "payment intangible" theory. However, as set forth in Judge McInerney's opinion, the merit of the payment intangible theory was an open question in Pennsylvania. *Id.* This was indisputable, acknowledged by Bochetto & Lentz in its complaint, and, in our view, sufficient to defeat its Dragonetti claim. *See* Complaint at ¶¶ 65-70. Moreover, when the trial court ruled against the Corporate Defendants *in the underlying matter*, thus rejecting the "payment intangible" theory, the Corporate Defendants promptly abandoned their claims. This, too, was acknowledged by Bochetto & Lentz in its complaint. *See Id.* at ¶ 72 (quoting a letter sent to the Honorable Gary S. Glazer informing the court that WFIC, LLC would not contest summary judgment).

We conclude that Judge McInerney's opinion is dispositive of the issues presented in this appeal. Accordingly, we adopt the opinion as our own for purposes of further appellate review.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015