J-A23002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT W. MCGAFFIC, IN HIS OWN RIGHT AND AS EXECUTOR OF THE ESTATE OF ELEANOR L. MCGAFFIC, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DOROTHY R. LOVE, EXECUTRIX OF THE ESTATE OF GEORGE G. LOVE, DECEASED | |
| Appellee | No. 1782 WDA 2015 |

Appeal from the Order Entered October 20, 2015
In the Court of Common Pleas of Lawrence County
Orphans' Court at No(s): 40004 of 2002 C.A.

BEFORE:  LAZARUS, J., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 26, 2017**

Robert W. McGaffic, in his own right and as Executor of the Will of Eleanor L. McGaffic, Deceased ("McGaffic"), appeals from the order of the Court of Common Pleas of Lawrence County, granting the preliminary objections[1] alleging lack of jurisdiction, filed by Dorothy R. Love, Executrix of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The appealed-from "Memorandum, Opinion and Order" entered by the Honorable Francis J. Fornelli on October 20, 2015 does not explicitly dismiss McGaffic's complaint.  However, we find the order to be final as defined under Pa.R.A.P. 341 because, by finding that the court lacked jurisdiction to entertain McGaffic's complaint, it disposed of all claims and all parties.  ***See*** Pa.R.A.P. 341(b)(1).  This case is *sui generis* in that there is no way McGaffic
*(Footnote Continued Next Page)*

the Will of George G. Love, Deceased, to the complaint filed by McGaffic seeking an accounting and dissolution of an oral business partnership. Upon thorough review, we affirm.

Eleanor L. McGaffic, Anita Love Miller, and George G. Love were siblings who owned, as tenants in common, certain real estate in the City of New Castle, Lawrence County, known as the Centennial Building. The siblings entered into a partnership for the sole purpose of operating the Centennial Building. Subsequent to the formation of the partnership, the Centennial Building was condemned by the Redevelopment Authority of the City of New Castle ("RANC"). RANC effected a *de facto* condemnation in 1973 and took physical possession of the building in 1994.

Anita died in 1973, and her one-third interest in the Centennial Building was purchased by McGaffic from her estate in 1976. Eleanor died in 1975; her share remains in her estate, which has never been distributed or closed. George died in 2001, a resident and domiciliary of Henderson County, North Carolina. His share of the Centennial Building passed by will to Love, the appellee herein, and also the executrix of George's will.

*(Footnote Continued)* ———————

could amend his complaint to establish subject matter jurisdiction. Therefore, the trial court's order is final.

In 1998, the partnership filed suit against the City of New Castle[2] for compensation in connection with the condemnation of the Centennial Building. The suit was settled in March 2015 for $1.3 million.

Following George's death in 2001, McGaffic submitted a letter entitled "Notice of claim . . . against George G. Love, Deceased," to Richard A. Harper, Esquire, a Pennsylvania attorney who had represented George Love in connection with the Centennial Building. In the letter, McGaffic requested reimbursement for Love's one-third share of costs and expenses incurred in the litigation over the Centennial Building, as well as Love's share of maintenance and operations costs incurred prior to the building's condemnation. McGaffic asserted that these claims "are now claims against [Love's] estate and the responsibility of his executor." McGaffic Letter, 6/30/01, at 2. McGaffic closed the letter by requesting that Attorney Harper forward the letter "to Dorothy Love as Executrix of George G. Love's estate." *Id.*

On July 23, 2001, E.K. Morely, Esquire, the North Carolina attorney for Love's estate, responded to McGaffic's claim with a letter stating that the "unquantified claim dated June 30, 2001 against the [Estate of George G. Love, Deceased] is absolutely and unequivocally rejected." Morely Letter, 7/23/01. On November 20, 2001, Dorothy Love, as executrix, filed her final

---

[2] By contract of indemnity, the City of New Castle had agreed to pay the liabilities of the RANC as a result of the latter's insolvency.

account in the Estate of George G. Love, Deceased. The account was approved and Dorothy was discharged as executrix.

On January 4, 2002, McGaffic filed the instant "Complaint for Dissolution of Partnership and Accounting" in the Court of Common Pleas of Lawrence County, naming as defendant Dorothy Love, in her capacity as executrix. Love filed preliminary objections to the complaint, in which she alleged: (1) lack of *in personam* jurisdiction over the estate; (2) lack of subject matter jurisdiction; (3) lack of specificity; (4) lack of equity jurisdiction; (5) failure to state a cause of action; and (6) failure to exhaust statutory remedy under North Carolina law. Following briefing and oral argument by the parties, the court granted Love's preliminary objections alleging lack of *in personam* and subject matter jurisdiction.

This timely appeal follows, in which McGaffic raises the following issues for our review:

1. Whether the court has subject matter jurisdiction?

   A. Whether the trial court erred in ruling that the case is barred by the final accounting procedure filed in the decedent's North Carolina estate?

   B. Whether the trial court erred in ruling that the [c]omplaint was not timely filed within the limits of North Carolina estate procedure, since the [c]omplaint was timely filed under the applicable Pennsylvania limitation of actions?

   2. Whether [Appellee] was properly served with a certified copy of the [c]omplaint filed in this case by certified mail, thus subjecting her to *in personam* jurisdiction of the Pennsylvania courts?

- 4 -

Brief of Appellant, at 4.

We begin by noting that "our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law." **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa. Super. 2011), quoting **Haun v. Community Health Systems, Inc.**, 14 A.3d 120, 123 (Pa. Super. 2011). When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. **Id.**

Here, McGaffic has asserted a claim against the Estate of George G. Love. He first presented this claim by Notice of Claim dated June 30, 2001, which he requested be directed to Dorothy Love, as executrix. By letter dated July 23, 2001, counsel for the estate unequivocally denied the claim. Pursuant to North Carolina Law:

> If a claim is presented to and rejected by the personal representative or collector, . . . the claimant must, within three months, after due notice in writing of such rejection, commence an action for the recovery thereof, or in the case of a contingent or unliquidated claim, file a petition for an order from the clerk of superior court pursuant to G.S. 28A-19-5(b), or be forever barred from maintaining an action thereon.

N.C. Gen. Stat. Ann. § 28A-19-16. Accordingly, McGaffic had 90 days from July 23, 2001, or until October 22, 2001,[3] to take further action pursuant to North Carolina law. McGaffic failed to do so.

---

[3] The ninetieth day, October 21, 2001, fell on a Sunday.

McGaffic subsequently attempted to revive the claim, this time in an action against the executrix, as legal representative of George Love's estate, in Pennsylvania state court. However, the Love Estate no longer exists as a legal entity, as the executrix has been discharged by the court in North Carolina.

The administration of an estate constitutes a proceeding *in rem*. ***In re Craig's Estate***, 109 A.2d 190, 198 (Pa. 1954). In such cases,

> the rule is that the court which first acquires jurisdiction of specific property by the possession thereof . . . thereby withdraws it from the jurisdiction of every other court so far as is necessary to accomplish the purpose of the suit, and the court is entitled to retain such control as is requisite to effectuate its final judgment or decree free from the interference of every other tribunal. That res is as much withdrawn from the judicial power of the other court as if it had been carried physically into a different territorial sovereignty.

***Thompson v. Fitzgerald***, 198 A. 58, 63 (Pa. 1938), *aff'd sub nom*. ***Princess Lida of Thurn & Taxis v. Thompson***, 305 U.S. 456 (1939). "The possession of the res vests the court which has first acquired jurisdiction with the power to hear and determine all controversies relating thereto, and for the time being disables other courts of co-ordinate jurisdiction from exercising a like power." ***Id.***, quoting ***Merritt v. American Steel-Barge Co.***, 79 F. 228, 231 (8th Cir. 1897).

Accordingly, here, the North Carolina court possessed exclusive jurisdiction over all matters pertaining to the administration and distribution of the decedent's estate, including the adjudication of claims brought against the estate for debts allegedly owed by the decedent. McGaffic, his claim

having been denied by the executrix, failed to pursue his remedies in the North Carolina probate court. In due course, the executrix concluded the administration of the estate, filed her account, and was discharged by the court. Under the rule enunciated in **Thompson**, **supra**, McGaffic is now foreclosed from resurrecting his claim in the courts of this Commonwealth.

Order affirmed.[4]

Judge Stabile joins the Memorandum.

Judge Strassburger files a Dissenting Memorandum.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/26/2017

_____

[4] Because we conclude that the Pennsylvania court lacked jurisdiction to consider McGaffic's claim, we need not address the issue of whether his complaint was properly served upon the executrix.