J-A02015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FULTON BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PAUL A. SANDQUIST, PATRICIA A. ZWAAN, BARRY L. SPEVAK AND DOWNEY SPEVAK, & ASSOCIATES, LTD. | |
| Appellee | No. 2306 EDA 2016 |

Appeal from the Order June 1, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2016-01908-TT

BEFORE:  OTT, J., RANSOM, J., and FITZGERALD, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY RANSOM, J.:

**FILED SEPTEMBER 27, 2017**

I concur with the Majority regarding the reversal of the dismissal of the negligent misrepresentation claim and with the affirmance of the dismissal of the negligence *per se* claim.  However, because I would reverse the trial court's order dismissing Appellant's claim of fraud, I respectfully dissent.

This is an appeal from an order sustaining preliminary objections on the basis of a demurrer.  In such a case,

> [w]hen an appellate court rules on whether preliminary
> objections in the nature of a demurrer were properly sustained,

---

[*] Former Justice specially assigned to the Superior Court.

the standard of review is de novo and the scope of review is plenary. The court may sustain preliminary objections only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. For the purpose of evaluating the legal sufficiency of the challenged pleading, the court must accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts.

*Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008) (internal citations omitted). "If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections." *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011).

To plead a viable claim of fraud, a plaintiff must demonstrate: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *See Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. 2005); *DeArmitt v. N.Y. Life Ins. Co.*, 73 A.3d 578, 591 (Pa. Super. 2013).

Here, the trial court concluded that 1) Appellant's allegations were not pleaded with sufficient specificity and 2) the company's financial officer, not Accountants, presented this false information to Appellant. Accordingly, the court concluded that Appellant was unable to sustain a viable claim for fraud. The Majority adopts this view wholesale, and, in so doing, affords the

trial court unwarranted deference. **See Mazur**, 961 A.2d at 101 (setting forth our *de novo* review).

On the contrary, I find that Appellant pleaded specifically that Accountants knowingly drafted statements misrepresenting the company's accounts receivable, thus inflating the value of company assets and further misrepresenting the financial stability of the company. While it may be true that the company officer delivered the misleading documents, they were, at least in part, created by Accountants. Accountants knew the information was false and/or misleading and that Appellant would rely on the false information in determining whether to extend the company credit and debt financing. Appellant specifically pleaded the other relevant elements of fraud.

Accordingly, based upon the facts pleaded, the court improperly sustained the objections and dismissed Appellant's fraud complaint. **See Mazur**, 961 A.2d at 101; **Feingold**, 15 A.3d at 941. Thus, I would reverse the trial court's order.