J-A20016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANNE C. KOWALCZYK, SUSAN C. STRANG, CYRUS PALMER DOLBIN, ELLEN MARIE DOLBIN | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : : | No. 1303 MDA 2016 |
| EAST END GUN CLUB OF SCHUYLKILL HAVEN, PA | : : | |

Appeal from the Order Entered April 22, 2016
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s):  S-2019-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 30, 2018**

Appellants, Anne C. Kowalczyk, Susan C. Strang, Cyrus Palmer Dolbin, and Ellen Marie Dolbin, appeal from the order entered in the Schuylkill County Court of Common Pleas, denying their preliminary objections.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Appellee East End Gun Club of Schuylkill Haven, PA ("East End") filed a

---

[1] Though an order denying preliminary objections is considered an interlocutory order and thus typically inappropriate for appeal, an "appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order." 42 Pa.C.S.A. § 702(b). Upon Appellants' request, the trial court filed an order pursuant to § 702(b) following its denial of the preliminary objections. Appellants then filed a petition for permission to appeal an interlocutory order with this Court under Pa.R.A.P. 1311(b). And a motions panel later granted the petition. Accordingly, we will address the merits of this appeal.

complaint seeking to quiet title to a 150-acre tract of land in Schuylkill County. East End included in its exhibits a copy of a 1963 deed to the land, conveying the 150-acre parcel from Charles and Susan Strause to East End. Appellants filed preliminary objections to the complaint, asserting East End failed to state a cause of action. Appellants argued the 1963 deed attached to East End's complaint incorporated by reference a 1930 deed that conveyed to the Strauses only a 100-acre parcel, "more or less." Appellants' Preliminary Objections, filed 12/7/15, at 2 (unpaginated). Appellants argued the language "more or less" could not include an additional 50 acres of land. And maintained East End's complaint was legally insufficient to claim more than 100 acres. The trial court denied Appellants' preliminary objections. Appellants' appeal is now before us.

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation

omitted).

A speaking demurrer "requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading." *Regal Indus. Corp. v. Crum and Forster, Inc.*, 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's law Dictionary 299 (6th ed. 1991)). In sustaining a preliminary objection, the court may not consider speaking demurrers. *See id*.

Appellants' preliminary objections here consist of averments that East End failed to state a claim due to a discrepancy in acreage. However, the law requires that the court consider "all material facts set forth in the challenged pleadings are admitted as true…." *Feingold*, 15 A.3d at 941 (citation omitted). East End's complaint set forth facts alleging it is the owner and possessor of 150 acres of land following the sale of the parcel from the Strauses to East End in 1963. East End alleged it has paid property taxes on the land since 1925. East End recounted the facts of an earlier action to quiet title, filed by James and Shana McGovern against East End, which was resolved in East End's favor. East End averred that after the previous lawsuit was resolved in 2014, the McGoverns conveyed their alleged parcel to Appellants in this case. East End then requested the court enjoin Appellants from asserting any estate, right, title, or interest in the property, and strike Appellants' deed from the county's records. East End attached documentation

to support these allegations, including a copy of the 1963 deed conveying the property from the Strauses to East End; the allegedly fraudulent 2014 deed conveying the property from the McGoverns to Appellants; court documents from the McGoverns' case against East End, including the order denying the McGoverns' petition to quiet title and this Court's unpublished memorandum affirming that order; and a legal description of the parcel, stating it spans 150.402 acres. **See** East End's Complaint, filed 11/5/15, at Exhibits A-G.

On the face of the complaint, East End has pled it is the owner and possessor of the land, in accordance with Pennsylvania Rule of Civil Procedure 1061. East End's complaint does not indicate any discrepancy regarding the size of the land; indeed, it includes both a recorded deed and a legal description of the parcel, stating that the land spans 150 acres. On the face of its complaint, East End pled facts legally sufficient to maintain its cause of action.

Appellants' contention that the 1930 deed proves the parcel is fewer than 150 acres is unavailing. The 1930 deed is not attached to East End's complaint (or, for that matter, to Appellants' own preliminary objections), and thus constitutes a speaking demurrer. The court properly declined to consider this averment when it denied Appellants' preliminary objections. **See**, **e.g.**, **Regal Indus. Corp.** Accordingly, we affirm the court's order denying Appellants' preliminary objections.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/18