J-S03019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRYAN MELLINGER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAUREL M. CLARK-BARLOCK A/K/A | : | |
| LAUREL M. BARLOCK AND MOISES | : | |
| DOLCE | : | No. 925 WDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered August 9, 2021
In the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 316 of 2020

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: MARCH 4, 2022**

Laurel M. Clark-Barlock a/k/a Laurel M. Barlock ("Barlock") and Moses Dolz ("Dolz")[1] (collectively "Appellants") appeal from the order denying the petition to strike the default judgment entered against them and in favor of Bryan Mellinger ("Appellee"). We affirm.

The relevant factual and procedural background of this matter can be summarized as follows. On January 16, 2021, Appellee filed a complaint against Appellants. Christopher Urbano, Esquire, entered his appearance on behalf of Appellants and filed an answer to the complaint. Appellee filed a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant Dolz is incorrectly identified in the caption as "Moises Dolce."

motion for judgment on the pleadings which the Trial Court denied. Appellee thereafter filed an amended complaint. Appellants did not respond to the amended complaint and on April 6, 2021, Appellee obtained a default judgment. Appellants filed a motion to open the default judgment, along with an answer and new matter relative to the amended complaint. The Trial Court scheduled a hearing on the motion; however, Attorney Urbano did not attend the hearing and could not be reached by telephone. As neither Attorney Urbano nor Appellants attended the hearing, the Trial Court denied the motion to open the default judgment with prejudice on May 21, 2021.

Approximately two months later, Sharon Wigle, Esquire, entered her appearance for Dolz and filed a petition to strike the default judgment. On August 9, 2021, the Trial Court entered an order denying the petition to strike. On that same date, Attorney Wigle entered her appearance for Barlock. Appellants timely appealed the order denying the petition to strike the default judgment.

On August 23, 2021, the Trial Court entered an Order directing Appellants to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one days. In its Rule 1925(a) opinion, entered on September 22, 2021, the Trial Court noted that although Appellants had served a copy of the concise statement on the trial court judge, no concise statement had been filed with the court as of that date. The trial court acknowledged that, under current Rule 1925(b) precedent, Appellants' issues

were waived. Nevertheless, the trial court addressed the issues in its Rule 1925(a) opinion in the event that waiver was inapplicable. On September 27, 2021, Appellants filed their concise statement with the court.

Appellants raise the following issues for our review:

1. Whether the motion to strike or open judgment should have been denied when Attorney . . . Urbano did not originally attend hearing to open judgment and [Appellants] were told by Attorney . . . Urbano they did not have to . . . attend this hearing and as a result the original motion to open judgment was denied with prejudice?

2. Whether the motion to strike or open judgment should have been denied when [Appellants] did not have the right to be heard when the original motion to strike or open judgment was denied with prejudice?

Appellants' Brief at 4.[2]

Before we may address the merits of Appellants' issues, we must first determine whether they preserved their claims for our review. It is well-settled that whenever a trial court orders an appellant to file a concise statement pursuant to Rule 1925(b), the appellant must comply in a timely manner. *See Feingold v. Hendrzak*, 15 A.3d 937, 940 (Pa. Super. 2011); *see also Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) (holding that if an appellant is directed to file a concise statement of matters to be raised on appeal pursuant to Rule 1925(b), any issues not raised in that

_____

[2] At first glance, Appellants' issues purport to challenge both the May 21, 2021 order denying the motion to open and the August 9, 2021 order denying the motion to strike. However, further review indicates that both issues pertain solely to the May 21, 2021 order denying the motion to open.

statement are waived). An appellant's failure to comply with the minimal requirements of Rule 1925(b) will result in automatic waiver of the issues raised. *See* ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (holding that all issues raised in an untimely concise statement were waived).

At one time, "this Court purported to carve out a number of exceptions to Rule 1925(b) waiver," such as "endors[ing] the discretionary review of appeals where trial courts relied upon appellants' untimely Rule 1925(b) statements and addressed the merits of issues raised therein." ***Id***. Nevertheless, "in affirming ***Lord***'s bright line, our Supreme Court specifically removed our authority to allow such discretionary review." ***Id***. "Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." ***Id***. at 225. Thus, "[u]nder current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived." ***Id***.

Notwithstanding the above, in determining whether an appellant has waived his or her issues on appeal based on non-compliance with Rule 1925, we look first to the language of the Trial Court's 1925(b) Order triggering appellant's obligations in order to determine whether the Order meets the

requirements set forth in Rule 1925(b). ***Id***. Those requirements are as follows:

> (b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> * * * *
>
> (2) Time for filing and service.
>
>> (1) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.
>
> * * * *
>
> (3) Contents of order. The judge's order directing the filing and service of a Statement shall specify:
>
>> i. the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
>>
>> ii. that the Statement shall be filed of record;
>>
>> iii. that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement.

> In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and
>
> iv. that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(2), (3).

Furthermore, strict application of the bright-line rule in *Lord* necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders. *See Greater Erie*, 88 A.3d at 226. In particular, a failure by the prothonotary to give written notice of the entry of a court order and to note on the docket that notice was given will prevent waiver for timeliness pursuant to Rule 1925(b). *See id*.

In the instant matter, the record reflects on August 23, 2021, the trial court ordered Appellants to file a Rule 1925(b) concise statement. *See* 1925(b) Order, 8/23/21. In that order, the trial court directed the Appellants to comply with the following directives:

> [W]ithin twenty-one . . . days from the date of this order, pursuant to Rule 1925(b) of the Rules of Appellate Procedure, [Appellants] shall file of record with a copy to this court and serve on the undersigned, pursuant to Pa.R.A.P. 1925(b)(1), a concise statement of the matters complained of on their appeal; and it is further ORDERED, ADJUDGED, AND DECREED that, pursuant to Pa.R.A.P. 1925(b)(3)(iv), any issue not properly included in the statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

*Id*. (unnecessary capitalization omitted).

Additionally, the docket reflects a notation that the prothonotary provided notice of the trial court's Rule 1925(b) order to the parties on August 23, 2021, which is the date on which the order was entered. *See* Trial Court Docket, 8/23/21. There is also a notation appearing in the bottom left-hand corner of the Rule 1925(b) order indicating that copies of the order were sent to both Attorney Urbano and Attorney Wigle. Based upon all of the above, we conclude that the trial court's order complies with the technical requirements of Rule 1925(b) and that due notice was given to the parties.[3]

In computing the relevant filing deadline, we consider the date of entry of the trial court's Rule 1925(b) order to be August 23, 2021, as notice of the order was sent to Appellants on August 23, 2021, and a notation indicating such notice was placed in the docket on that date.[4] Having determined the entry date of the Rule 1925(b) order, we calculate that the twenty-first day

_____

[3] Although the trial court's Pa.R.A.P. 1925(b) order merely ordered Appellants to serve him with a copy of the concise statement, and did not specify the place Appellants could serve the statement in person or the address to which Appellants could mail the statement, *see* subsection (b)(3)(iii), this omission does not impact our analysis, as Appellants did, in fact, serve a copy of the concise statement on the trial judge.

[4] Pursuant to Pa.R.A.P. 108, "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given."

after the entry of that order was September 13, 2021.[5]  Appellants did not file their Rule 1925(b) concise statement until September 27, 2021.  The certified record contains no indication that Appellants sought, or that the trial court granted, an extension of time for filing the concise statement.[6]  Consequently, we must conclude that Appellants' filing was untimely and that their issues are waived for failure timely to file their Rule 1925(b) concise statement.  **See Greater Erie**, 88 A.3d at 227.[7]  Because Appellants have waived their issues on appeal, we may not address the merits of those issues.

Order affirmed.

_____

[5] Pursuant to Pa.R.Civ.P. 106(a), "[w]hen any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period."

[6] We are also mindful that the filing of record may be accomplished by mail as provided in Pa.R.A.P. 121(a) if the appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified, in compliance with the requirements set forth in Pa.R.A.P. 1112(c).  However, nothing in the record indicates that Appellants obtained a United States Postal Service Form 3817, a Certificate of Mailing, or other similar United States Postal Service form sufficient to verify that the statement was timely mailed to the court so that a mailing date could operate as the filing date.

[7] Additionally, as indicated above, both of Appellants' issues pertain to the trial court's May 21, 2021 order denying their motion to open the default judgment.  However, Appellants did not file an appeal from that order.  Instead, Appellants filed an appeal solely from the August 9, 2021 order denying their petition to strike the default judgment.  Thus, had we not found waiver based on Appellants' failure to comply with Rule 1925(b), we would have found waiver based on their failure to comply with Pa.R.A.P. 903(a) (providing that "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  03/04/2022