Ryan NEUHARD, Appellee,

v.

TRAVELERS INSURANCE
COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued May 13, 2003.
Filed July 25, 2003.
Reargument Denied Oct. 3, 2003.

Brooks R. Foland, Harrisburg, for appellant.

Edward Brady, Kingston, for appellee.

Before: STEVENS, LALLY–GREEN, and KLEIN, JJ.

LALLY–GREEN, J.

¶ 1 Travelers Insurance Company ("Travelers") appeals from the order entered on April 17, 2002, compelling arbitration of the claims of Appellee Ryan Neuhard ("Neuhard") for underinsured motorist ("UIM") benefits. We reverse and remand.

¶ 2 The facts as gleaned from the record are as follows. On December 19, 1999, Neuhard was a passenger in an automobile owned and operated by Brandi L. Tracy. Ms. Tracy's vehicle was struck by a vehicle owned and operated by Randy Cholewa. As a result of the collision, Neuhard suf-

fered personal injuries. Neuhard obtained $13,500.00 of the $15,000.00 liability coverage provided by Mr. Cholewa's insurance coverage. Neuhard also collected the policy limit of $15,000.00 from Ms. Tracy pursuant to a UIM claim. Thereafter, Neuhard sought UIM benefits under the policy issued by Travelers to his parents, Terry and Dale Neuhard.

¶ 3 Neuhard filed a petition for a rule to show cause why his UIM claims should not proceed to arbitration. Travelers responded to the petition, arguing against compulsory arbitration. On February 14, 2002, the trial court granted Neuhard's petition and ordered arbitration of Neuhard's claims. *See,* Trial Court Order, 2/14/03.

¶ 4 On April 17, 2002, pursuant to Travelers' motion, the trial court amended the February 14th order to include the language required by 42 Pa.C.S.A. § 702(b), *i.e.,* that the issues presented in the interlocutory order and the decision entered against Travelers involve a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the matter. Thereafter, Travelers sought and obtained this Court's permission to appeal the trial court's interlocutory order pursuant to 42 Pa.C.S.A. § 702(b) and Pa.R.A.P. 1311(a).

¶ 5 Travelers presents one issue for our review:

I. Whether the trial court erred when it ordered that Ryan Neuhard's underinsured motorist claim be submitted to arbitration despite the absence of an agreement to arbitrate such claims under the applicable insurance policy?

Travelers' Brief at 5.

■ ¶ 6 Whether an agreement to arbitrate disputes exists is a question of law.

*Emlenton Area Mun. Authority v. Miles,* 378 Pa.Super. 303, 548 A.2d 623, 625 (1988). When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law. *Kmonk–Sullivan v. State Farm Mutual Automobile Ins. Co.,* 746 A.2d 1118, 1120 (Pa.Super.1999).

■ ¶ 7 Travelers first argues that the trial court erred by compelling arbitration of Neuhard's claim because there is no agreement to arbitrate the claim. Also, Travelers asserts that there is no statute or regulation requiring arbitration of Neuhard's claim.

¶ 8 This Court has stated that:

When one party to an agreement seeks to prevent another from proceeding to arbitration, judicial inquiry is limited to determining (1) whether a valid agreement to arbitrate exists between the parties and, if so, (2) whether the dispute involved is within the scope of the arbitration provision.

*Midomo Co., Inc. v. Presbyterian Housing Development Co.,* 739 A.2d 180, 186–187 (Pa.Super.1999).

■ ¶ 9 Well-settled principles of contract interpretation are employed to determine whether an agreement to arbitrate exists. *Id.* at 187.

The task of interpreting an insurance contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give

effect to that language. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This is not a question to be resolved in a vacuum. Rather, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. We will not, however, distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity. The polestar of our inquiry, therefore, is the language of the insurance policy.

*Madison Construction Co. v. The Harleysville Mutual Insurance Co.*, 557 Pa. 595, 735 A.2d 100, 106 (1999). Additionally, an ambiguity does not exist simply because the parties disagree on the proper construction to be given a particular policy provision. *Tyler v. Motorists Mutual Ins. Co.*, 779 A.2d 528, 531 (Pa.Super.2001). "Courts should read policy provisions to avoid an ambiguity if possible." *Id.*

¶ 10 The scope or the application of the arbitration clause itself may be an arbitrable issue, which the arbitrators are to decide. *Borgia v. Prudential Insurance Co.*, 561 Pa. 434, 750 A.2d 843, 850–851 (2000). In *Borgia*, the plaintiff sought to compel arbitration of his UIM claim. The defendant, Prudential, challenged the arbitration arguing that the plaintiff was not a "covered person" entitled to arbitration under the insurance contract. The Court reasoned that an ambiguity existed as to who may invoke the arbitration provision of the policy because the policy did not define the term "covered person." *Id.* at 850. The Court noted that the scope of the arbitration clause included "coverage disputes" and, since ambiguities are to be resolved in favor of the insured, held that the question of whether the plaintiff was a "covered person" was to be decided by the arbitrators. *Id.* at 850–851.

¶ 11 In the instant case, the trial court ordered the matter to proceed to arbitration. Trial Court Order, 2/14/02. The trial court relied upon the July 16, 2001 Declaratory Opinion and Order of the Insurance Commissioner of the Commonwealth of Pennsylvania. *See, In re: The Requirement of an Arbitration Provision in Private Passenger Uninsured and Underinsured Motorist Coverage*, D09–07–001, Insurance Commissioner of the Commonwealth of Pennsylvania (Jul. 16, 2001) ("Declaratory Opinion and Order"). The Insurance Commissioner had issued a ruling that required binding arbitration provisions for both UM and UIM claims in all insurance policies. In its Declaratory Opinion and Order, the Insurance Commissioner had denied a petition of the Insurance Federation of Pennsylvania, Inc., challenging the authority of the Pennsylvania Insurance Department to require binding arbitration provisions for UM and UIM claims. *Id.*

¶ 12 Our review of the record reflects the following. On December 19, 1999, Neuhard was injured while a passenger in Tracy's vehicle, which had been struck by the Cholewa vehicle. After recovering pursuant to the policies of both drivers, Neuhard sought UIM claims under his parents' policy, which provided coverage from January 20, 1999 to July 20, 1999. Neuhard also filed a petition to compel arbitration of his UIM claims.

¶ 13 The policy between Neuhard's parents and Travelers contains, in pertinent part, the following provision:

**Uninsured Motorists Arbitration**

A. If we and an "insured" do not agree, either party may make a written demand for arbitration. Issues or questions seeking to interpret language of this policy or to determine whether or

how coverage applies to an "insured" may not be arbitrated. Those issues and questions may not be part of any submission to the panel of arbitrators. This includes, but is not limited to, any issue or questions on:

. . .

8. the interpretation of defined terms, the insuring agreement, exclusions, the limits of liability, this arbitration clause, or any other of the policy's terms and conditions.

Neuhard Insurance Policy, Uninsured/Underinsured Motorists Endorsement, at 6–7. The provision, however, did not mention arbitration for UIM claims.

¶ 14 The policy provision, therefore, demonstrates that an agreement exists that either party can make a written demand for arbitration of uninsured motorist claims. The provision specifically encompasses uninsured motorist claims. However, contrary to Neuhard's argument, the entire policy does not treat uninsured motorist benefits and UIM benefits indistinguishably, thereby creating an ambiguity where one is mentioned and the other is not. Rather, the policy clearly titles each provision according to whether uninsured motorist benefits or UIM benefits are implicated. Since Travelers chose to omit UIM claims from the title of the arbitration provision, the arbitration provision does not apply to UIM claims. Therefore, UIM claims are outside the scope of the arbitration agreement, and the trial court erred by ordering arbitration.

■■■■■ ¶ 15 Even if the omission of UIM claims from the title of the arbitration provision did create an ambiguity, such an ambiguity could not be resolved through arbitration. Paragraph A of the arbitration agreement states that "[I]ssues or questions seeking to interpret the language of this policy . . . may not be arbitrated." Paragraph "A" lists various is-

sues that are not arbitrable. Paragraph "A.8" indicates that "the interpretation of . . . this arbitration clause. . ." is not subject to arbitration. The clear language of this policy indicates that the question of whether UIM claims are subject to the arbitration agreement is not within the scope of the arbitration agreement. Under *Borgia*, if the scope of the arbitration provision includes resolution of an issue, then the issue should proceed to arbitration. Here, the arbitration provision specifically excludes issues involving the interpretation of the arbitration provision. Accordingly, the issue is to be resolved through court proceedings.

¶ 16 The trial court relied upon the Pennsylvania Insurance Commissioner's Declaratory Opinion and Order to determine that Neuhard's UIM claims must be arbitrated. Travelers asserts that there is no regulation or statute dictating arbitration of UIM claims in the absence of an agreement between the parties. In the Declaratory Opinion and Order, the Insurance Commissioner ruled that the Pennsylvania Department of Insurance has the authority to disapprove any insurance policy that does not contain an arbitration provision for UM and UIM claims. Declaratory Opinion and Order, 7/16/01, at 9. This decision was upheld by our sister court in *Insurance Federation of Pennsylvania v. Koken*, 801 A.2d 622 (Pa.Cmwlth. 2002).

■■■■■ ¶ 17 We observe that the Declaratory Opinion and Order was issued subsequent to the issuance of the instant policy. "A regulation promulgated by an administrative agency shall not be construed to have a retroactive effect unless it was clearly and manifestly intended to be so applied." *Hospital Ass'n of Pennsylvania, Inc. v. Foster*, 157 Pa.Cmwlth. 363, 629 A.2d 1055, 1060 (1993). The policy

between Neuhard's parents and Travelers was for a period from January 20, 1999 to July 20, 1999. The Declaratory Opinion and Order was not issued until July 16, 2001 and does not state that it is to be applied retroactively. Therefore, the trial court's application of the Declaratory Opinion and Order to the instant policy was a retroactive application of a pronouncement of the Insurance Commissioner. Thus, the trial court erred in applying the Declaratory Opinion and Order retroactively.

¶ 18 Travelers also challenges the constitutionality of compelling arbitration in the absence of an agreement to arbitrate. Specifically, Travelers asserts that compelling arbitration where there is no agreement to arbitrate infringes on a party's constitutional right to a jury trial.

¶ 19 This issue is waived. Pursuant to Pa.R.A.P. 302(a), issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a); *see also, Wagner v. Erie Ins. Co.,* 801 A.2d 1226, 1233–1234 (Pa.Super.2002). Travelers mentioned this one-sentence argument for the first time in paragraph 7 of its Application for Amendment of an Interlocutory Order to Include the Language contained in 42 Pa.C.S.A. § 702(b) and Motion for Stay of Arbitration. However, the argument was presented in a form that did not permit the trial court to act upon the issue. Consequently, the trial court did not receive the opportunity to consider Travelers' constitutional issue. Therefore, Travelers failed to comply with Pa.R.A.P. 302(a). Thus, this issue is waived.[1] *Wagner.*

¶ 20 We reverse and remand for further proceedings consistent with this Opinion.

¶ 21 Order reversed. Case remanded. Jurisdiction relinquished.

---

1. Although Travelers' constitutional issue is waived, we have already afforded Travelers relief. Therefore, it would be unnecessary to address the issue.