J-A16038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL HEIM, INDIVIDUALLY AND/OR IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF JOSEPH HEIM, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MERCHANTS INSURANCE GROUP | |
| Appellee | No. 3101 EDA 2014 |

Appeal from the Order Entered October 8, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2014-01731

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED NOVEMBER 09, 2015**

Carol Heim appeals from the order, entered in the Court of Common Pleas of Bucks County, which denied her petition to appoint defense and neutral arbitrators and compel underinsured motorist arbitration.[1]  After careful review, we reverse.

The trial court summarized the relevant facts and procedural history as follows:

> This matter stems from a motor vehicle accident that occurred on March 9, 2005, in which [Appellant's] husband, Joseph Heim

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] An order denying a petition to compel arbitration is an appealable order. **See** Pa.R.A.P. 311(a)(8).

("[Mr.] Heim"), now deceased, was operating a motor vehicle which was owned by his former employer, Bethayres Reclamation Corporation, [which] was insured by [Appellee], Merchants Insurance Group ("Merchants" or "[Appellee]").

. . .

[Mr.] Heim had been laid off from his position at Bethayres Reclamation Corporation in October of 2004 and had subsequently started his own welding business, JH Mobile Welding and Fabrication, in August of 2006.

On August 20, 2009, [Mr.] Heim notified Merchants of a potential underinsured motorist ("UIM") claim.

On April 1, 2011, [Mr.] Heim advised Merchants that Allstate Insurance had agreed to tender $24,000.00 of its $25,000.00 policy limits in full settlement of [Mr.] Heim's claims against its insured, Katelyn Young, the other party involved in the March 9, 2005 motor vehicle accident. [Mr.] Heim therefore requested Merchants' permission to settle with Allstate Insurance. On April 15, 2011, Merchants authorized the settlement between [Mr.] Heim and Allstate Insurance and waived its subrogation rights.

On May 27, 2011, [Mr.] Heim notified Merchants of his demand for arbitration for his UIM claim and that he had selected an attorney to serve as his (Plaintiff's) UIM Arbitrator. [Mr.] Heim's claim was principally for lost wages as a result of the injuries he sustained in the accident.

On November 19, 2012, Merchants denied [Mr.] Heim's UIM claim due to [Mr.] Heim's lack of cooperation. According to Merchants, over the period from June 21, 2011 to October 24, 2012, [Mr.] Heim failed to respond to, or comply with, nine direct written requests for his wage and employment records from "JH Mobile Welding, LLC, [a company] over which he, as owner [] had control." Merchants further averred that it "did not receive any communication from [Mr. Heim] following the November 19, 2012 denial of the claim until the filing of this [p]etition," and that "[d]uring that time period, it appears Mr. Heim passed away." Respondents' Opposition to Petition, 3/28/14, at ¶ 10.

On March 12, 2014, due to the parties' inability to resolve this dispute, [Appellant] Carol Heim [("Ms. Heim")], administratrix of the estate of her deceased husband, filed the instant

"Petitioner's Petition to Appoint Defense UIM Arbitrator, and Neutral Arbitrator and to Compel UIM Arbitration," seeking to compel arbitration and the appointment of arbitrators.

On March 31, 2014, Merchants filed a reply to the [p]etition in which it contended that a contractual clause in its policy provided for the denial of coverage due to [Mr.] Heim's failure to "cooperate with us in the investigation or settlement of the claim or defense against the 'suit.'" Merchants further asserted that another contractual clause in the insurance policy provided that "disputes concerning coverage under this endorsement may not be arbitrated," and it therefore requested that the [p]etition be denied. Respondents' Opposition to Petition, 3/28/14, at ¶¶ 1, 5.

On May 1, 2014, a [r]ule was issued upon Merchants to show cause why [p]etitioner was not entitled to the relief requested.

On May 9, 2014, Merchants filed a response to the [r]ule which reiterated its position that [p]etitioner failed to cooperate with Merchants by failing to provide the requested wage and tax information from JH Mobile Welding.

After both parties filed [p]raecipes under Bucks County Rule of Civil Procedure 208.3(b), the matter was forwarded to this [c]ourt for disposition.

On September 12, 2014, oral argument was held, during which this [c]ourt noted that although counsel for [Ms. Heim] argued that she had provided a "vocational report" to Merchants in response to its request for the JH Mobile Welding wage and tax information, she nevertheless admitted that she had not provided those specific documents because she did not have them. In the response, Merchants' counsel had argued that those documents were necessary in order to evaluate the vocational report, and that not only had Merchants not received the requested wage documents, but it had not received any response at all from [Ms. Heim] regarding its requests for that documentation. As a result, this Court concluded that [Ms. Heim] had not complied with the policy provisions and Merchants could not be forced into arbitration[.]

On October 8, 2014, this [c]ourt entered an [o]rder denying the [p]etition to appoint UIM arbitrators and compel arbitration.

- 3 -

On October 29, 2014, [Ms. Heim] filed a [m]otion for [r]econsideration of this [c]ourt's [o]rder of October 8, 2014[.] . . . Attached to [Ms. Heim's motion] was a copy of a letter dated October 24, 2012, purportedly demonstrating Merchants' improper denial of [the] UIM claim, but which this [c]ourt noted also advised [that Merchants denied coverage for lack of cooperation.]

. . .

On November 12, 2014, Merchants filed a response in opposition to [Ms. Heim's] [m]otion for [r]econsideration, reiterating that contractual clauses in its policy provided for the denial of coverage due to [Mr.] Heim's failure to cooperate in the investigation or settlement of the claim and that disputes concerning coverage may not be arbitrated.

Trial Court Opinion, 12/23/14, at 1-4 (some citations omitted).

Appellant timely filed a notice of appeal and court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant raises one issue for our review:

May an insurance carrier avoid its responsibility to arbitrate an uninsured motorist claim merely by issuing a disclaimer of coverage and alleging that the claimant violated the "cooperation" clause of the policy by failing to produce various documents?

Brief for Appellant, at 4.

Our standard of review is as follows:

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

*Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1270 (Pa. Super. 2004) (citations omitted). If a valid arbitration agreement exists, determining "[w]hether a claim is within the scope of [the agreement] is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary." *Id.* at 1272-73.

Whether an agreement to arbitrate a dispute exists is determined using well-settled principles of contract interpretation. *Neuhard v. Travelers Ins. Co.*, 831 A.2d 602, 604 (Pa. Super. 2003). As such,

> [t]he task of interpreting an insurance contract is generally performed by a court rather than by a jury. The goal of that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement. Where, however, the language of the contract is clear and unambiguous, a court is required to give effect to that language. Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. . . . We will not, however, distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity. The polestar of our inquiry, therefore, is the language of the insurance policy.

*Id.* at 604-05.

Initially, we note that it is undisputed that a valid arbitration clause is contained within the insurance policy issued by Merchants. Thus, we turn our analysis to whether the instant dispute is within the scope of the Merchants insurance policy arbitration provisions.

The language of the insurance policy addressing arbitration for UIM claims is as follows:

> If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured[,"] then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

Merchants Insurance Group Pennsylvania Underinsured Motorists Coverage Endorsement, at § E(5). Accordingly, arbitration is to be used for two categories of disputes: 1) whether the insured is entitled to UIM coverage, and 2) the amount of damages. However, "disputes concerning coverage" are expressly excluded from arbitration.

Instantly, Merchants attempts to frame the dispute between the parties as a coverage issue. The record reveals that Merchants sent a letter to the Heims' counsel indicating that since Merchants had not received certain documents from Mr. Heim, the UIM claim "[was] being denied based upon continued lack of cooperation." Opposition to Petition to Compel UIM Arbitration, 3/28/14, at Exhibit B. However, the letter also acknowledges that "Mr. Heim's claim is primarily related to his alleged wage loss and/or loss of future earning capacity." *Id.* Thus, the fundamental dispute between the parties is the amount of damages, if any, that should be awarded based upon Mr. Heim's UIM claim. The inability of the parties to determine the recoverable damages in this matter is a dispute that fits

squarely within the plain language of the instant arbitration agreement as an arbitrable claim.

We note that in deciding whether to grant the petition to arbitrate, the trial court was not in a position to address the merits of the denial of coverage, including whether Mr. Heim failed to cooperate according to the insurance policy. Instead, the trial court properly engaged in an inquiry limited to a threshold determination of whether the dispute between the parties is one of coverage rather than an otherwise arbitrable claim. *Smay*, *supra*. Though the trial court made the appropriate inquiry as set forth in *Smay*, we disagree with the court's analysis that the dispute is one of coverage that is not arbitrable based on the insurance policy language.

First, the instant matter does not present a "dispute concerning coverage" in the ordinary sense. Typical coverage disputes include whether an individual is an insured or "covered person" under the relevant policy or whether an individual has waived UIM coverage. *See, e.g.*, *Borgia v. Prudential Ins. Co.*, 750 A.2d 843 (Pa. 2000) (dispute over whether driver, who lived with his parents but was not named insured under their policy, was covered under policy); *Nationwide Mut. Ins. Co. v. Heintz*, 804 A.2d 1209 (Pa. Super. 2002) (dispute over whether insureds knowingly and intelligently waived UIM coverage). Significantly, the record reveals that Merchants has not disputed that Mr. Heim was a covered person under the insurance policy; likewise, nothing in the record indicates that Mr. Heim waived UIM coverage.

- 7 -

Next, it is clear that the parties disagree as to whether coverage should be denied, based upon whether Mr. Heim cooperated in the investigation of his UIM claim. However, this alleged failure to cooperate is inextricably tied to the parties' dispute over Mr. Heim's UIM claim for damages, since Merchants takes the position that the "lack of cooperation" has prevented it from having enough information to evaluate the claim. Mr. Heim's alleged failure to cooperate is therefore directly relevant to a determination of damages and thus is within the ambit of the arbitration agreement.[2] For these reasons, we find that the trial court improperly denied Ms. Heim's petition to appoint arbitrators and compel arbitration.

Order reversed. Case remanded for proceedings in accordance with the dictates of this memorandum. Jurisdiction relinquished.

_____

[2] We note that Merchants' decision to find a way to deny coverage, where the amount of damages is the real dispute, is an end-run around the arbitration clause. As noted by Ms. Heim, were we to affirm the trial court under these circumstances, an insurer would have carte blanche to simply declare a denial of coverage for any remotely plausible reason and thereby avoid arbitration. If an insurer has a colorable claim to deny coverage that is not arbitrable pursuant to the relevant insurance policy, the insurance company's appropriate recourse is to initiate a declaratory judgment action to determine the issue. *See, e.g.*, *Henning v. State Farm Mut. Auto. Ins. Co.*, 795 A.2d 994 (Pa. Super. 2002) (declaratory judgment action to determine whether driver precluded from uninsured motorist benefits due to named driver exclusion endorsement appropriate, where arbitration limited to disputes regarding fault and damages). Uninsured and underinsured motorist arbitration clauses vary significantly, however, with some providing that coverage disputes are arbitrable such that a declaratory judgment action would not be appropriate. *See, e.g.*, *Borgia*, *supra*.

PLATT J., Joins the majority.

OLSON J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015