J-A28005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICOLE ZENTNER AND ANDREW KIVETT | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRENNER CAR CREDIT, LLC AND PAXTON SECURITIES CO. | : | No. 751 MDA 2021 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered May 19, 2021
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  CV-2020-0001193-CV

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: FEBRUARY 8, 2022**

Brenner Car Credit, LLC, and Paxton Securities Co. (collectively, Appellants), appeal from the order, entered in the Court of Common Pleas of Lycoming County, denying Appellants' preliminary objections seeking to compel arbitration.[1]  After careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] This appeal is properly before this Court, despite the trial court's urging that the appeal is interlocutory.  ***See Davis v. Ctr. Mgmt. Grp., LLC***, 192 A.3d 173, 180-81 n.10 (Pa. Super. 2018), *quoting* Pa.R.A.P. 311(g)(1)(iv) ("Failure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S.[A.] § 7320(a)(1) and subparagraph (a)(8) of this rule, shall constitute a waiver of all objections to such an order.").  Therefore, we may proceed to the merits of this appeal.  ***See also Elwyn v. DeLuca***, 48 A.3d 457, 460 n.4 (Pa. Super. 2012), *quoting* ***Shadduck v. Christopher J. Kaclik, Inc.***, 713 A.2d 635, 636 (Pa. Super. 1998) ("As a general rule, an order denying a party's preliminary objections is interlocutory and, thus, not
*(Footnote Continued Next Page)*

The trial court set forth the factual and procedural history of this case as follows:

This matter was initiated by the filing of a class complaint[2] on December 11, 2020[, by Nicole Zentner and Andrew Kivett (collectively, Plaintiffs/Appellees)]. [Appellants, Defendants in the trial court,] filed a single preliminary objection to the complaint on February 19, 2021[,] pursuant to Pa.R.C.P. 1028(a)(6)[,] which [Appellees] answered on March 10, 2021. [Appellants] filed a reply brief on April 28, 2021[,] and oral argument was held [on] May 3, 2021.

This action is based on [Appellants'] alleged improper notice of disposition of repossessed vehicles. [Appellees], who represent the class, purchased vehicles from . . . Brenner Car Credit, LLC, who "sold the vehicle, financed the transaction, and took a security interest in the vehicle pursuant to an installment sales contract entitled Retail Installment Contract and Security Agreement ([]RICSA[])[.]" **See** Plaintiffs' Complaint[, 12/11/20, at ¶¶ 13, 29.] In addition to the RICSAs, and on the same day the RICSAs were executed, [Appellees] executed Buyers' Orders in connection with the purchase of their respective vehicles. [] Paxton Securities, Co., [after assignment,] became the secured party under the RICSA[s]. Due to failure to make the required payments, [Appellees'] vehicles were repossessed without proper notice, according to [Appellees].

Trial Court Opinion, 5/19/21, at 1-2 (unnecessary capitalization omitted).

In its lone preliminary objection, Appellants claim that the Buyers' Orders contain an arbitration clause that mandates arbitration in this matter. Conversely, the trial court found that because the arbitration clause is only

---

appealable as of right. There exists, however, a narrow exception to this oft-stated rule for cases in which the appeal is taken from an order denying a petition to compel arbitration.").

[2] Appellees filed this consumer class action, challenging Appellants' vehicle repossession practices under the Uniform Commercial Code (UCC, Division 9, Secured Transactions), 13 Pa.C.S.A. § 9101 *et seq*.

located within the text of the Buyers' Orders—but not within the text of the RICSAs—and since the RICSAs are entirely devoid of any mention of any arbitration agreement or the Buyers' Orders, Appellants' preliminary objection should be overruled. By order May 19, 2021, the court denied Appellants' preliminary objection, and Appellants filed a timely notice of appeal. The court did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but did file an opinion pursuant to Rule 1925(a).

On appeal, Appellants present the following issues for our review:

1. Whether the trial court erred in concluding the parties' arbitration agreement was unenforceable under **Knight v. Springfield Hyundai**, 81 A.3d 940 (Pa. Super. [] 2013)[,] and Pennsylvania law.

2. Whether the trial court erred in failing to recognize that federal law requires the arbitrator to determine[,] in the first instance[,] the scope and application of the parties' arbitration agreement as well as the validity of the underlying contract.

3. Whether the trial court erred in concluding [Appellee]s' claims were not within the scope of the parties' broad arbitration agreement[,] as federal law requires that all presumptions be applied in favor of arbitration.

4. Whether the trial court erred in failing to consider applicable federal law concerning the termination of agreements containing arbitration agreements.

5. Whether the trial court erred in denying [Appellants'] preliminary objection pursuant to Pa.R.C[].P. 1028(a)(6).

Appellants' Brief, at 6-8 (reordered for ease of disposition; unnecessary capitalization omitted).

"[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa. Super. 2011), *quoting* **Haun v. Cmty. Health Sys.**, 14 A.3d 120, 123 (Pa. Super. 2011).

> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

**Id. See also Fellerman v. PECO Energy Co.**, 159 A.3d 22, 26 (Pa. Super. 2017), *quoting* **MacPherson v. Magee Mem. Hosp. for Convalescence**, 128 A.3d 1209, 1218-19 (Pa. Super. 2017).

Each of Appellants' claims raises a challenge to the trial court's order overruling Appellants' preliminary objection. Therefore, the sole issue on appeal is whether the arbitration clause found in the Buyers' Orders, but not the RICSAs, is valid and enforceable, and, therefore, binding on the parties.

"The issue of whether a writing constitutes an integrated contract is a question of law." **Lenzi v. Hahnemann Univ.**, 664 A.2d 1375, 1379 (Pa. Super. 1995). "Whether an agreement to arbitrate disputes exists is a question of law." **Neuhard v. Travelers Ins. Co.**, 831 A.2d 602, 604 (Pa.

Super. 2003). Moreover, "[w]hether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary." *Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012).

First, Appellants claim that the trial court erred in applying *Knight*, *supra*, to the facts of this case. Specifically, Appellants argue that, in *Knight*, the RICSA contained an integration clause and did not reference the Buyers' Orders, whereas here, the Buyers' Orders referenced the RICSAs. Appellants' Brief, at 38. Additionally, Appellants claim that here the Buyers' Orders and RICSAs should be interpreted as a singular integrated agreement because the agreements were executed at the same time and deal with, generally, the same subject matter, and the Buyers' Orders explicitly incorporate the RICSAs by reference. *Id.* at 33-34. Appellants further contend that the Motor Vehicle Sales Finance Act (MVSFA)[3] does not preclude such incorporation, does not define "installment sale contract," and does not dictate the form of the contract. *Id.* at 35-37. After review, we are satisfied that no relief is due.

In *Knight*, *supra*, this Court interpreted section 613(A) of the MVSFA,[4] and concluded that "it is apparent that when a buyer makes a purchase of a vehicle by installment sale, the [RICSA] subsumes all other agreements relating to the sale." *Knight*, *supra* at 948, *quoting* 69 P.S. § 613(A)

---

[3] Act of June 28, 1947, P.L. 1110 No. 476, as amended, 69 P.S. § 601 *et seq*, recodified under the Consumer Credit Code, 12 Pa.C.S.A. § 6201 *et seq*.

[4] Section 613 was recodified under 12 Pa.C.S.A. § 6221.

("Pursuant to the MVSFA, if a buyer is purchasing a vehicle via installment sale, the contract must be in writing, signed by the buyer and the seller, 'and **shall contain all of the agreements between the buyer and the seller** relating to the installment sale of the motor vehicle sold.'") (brackets omitted; some emphasis in original and some added). As here, the Buyer's Order in *Knight* contained an arbitration agreement, but the RICSA did not. The *Knight* Court concluded that there was no enforceable arbitration agreement between the parties and that the trial court erred as a matter of law by granting the preliminary objection and submitting the case to binding arbitration, because *the RICSA was required to contain all of the agreements between the parties, the RICSA contained an integration clause, and the RICSA made no mention of arbitration*. *Id.* at 948-49.

Here, the trial court applied *Knight* to the facts of this case and determined that the arbitration clauses, which were only found in the Buyers' Orders—and not the RICSAs—were not binding on the parties because the subject matter of Appellees' complaint related to the repossession of secured interests, and because the Buyers' Orders did not mention the parties' rights in that regard. Trial Court Opinion, 5/19/21, at 5. Additionally, the trial court found that the parties intended for the language of the RICSA to stand alone.[5] *Id.* at 5-6.

_____

[5] Here, the trial court analyzed the terms of the instant RICSAs as follows:

*(Footnote Continued Next Page)*

We agree with the trial court and find **Knight** to be controlling. Here, as in **Knight**, the parties signed Buyers' Orders generally outlining the terms of their vehicle sales contracts, which included an arbitration clause on the reverse side. Similarly, the parties in both cases subsequently agreed to installment sale contracts, which specified the details of the sales and the financing agreements for the purchased vehicles.[6] Like the RICSA in **Knight**, which contained an integration clause, here, the court found the parties intended for the RICSAs to constitute stand-alone integrated agreements. **See Knight**, **supra** at 948; 12 Pa.C.S.A. § 6221; **see also supra**, at n.5. Because the RICSAs at issue in this case did not contain any arbitration clauses, the court properly applied **Knight** and determined the arbitration

---

> The terms "Contract" and "this Contract" are used throughout the RICSAs and are undefined. The RICSAs contain[] no reference or indication that "this Contract" would include anything other than the RICSA itself. Finally, the section of the RICSAs titled "Entire Agreement" also use[s] the term "this Contract" when stating what the agreement is between the parties.

Trial Court Opinion, 5/19/21, at 5-6. We agree with the trial court that these terms clarify that the parties did not intend to include any provisions not explicitly stated within the RICSAs. **See** RICSA, 4/19/19, at 2 ("Your and our **entire agreement** is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.") (emphasis added); **id.**, 7/30/19, at 2 (same).

[6] Kivett's Buyer's Order reflects a balance of $14,965.67, and the RICSA reflects a total sales price of $21,008.82, payable in 196 weekly installments. Similarly, Zentner's Buyer's Order reflects a balance of $14,630.67, and the RICSA reflects a total sales price of $20,959.31, payable in 192 weekly installments.

clause in the Buyers' Orders was not applicable to the instant suit. **See Knight**, **supra**; **Feingold**, **supra**; 12 Pa.C.S.A. § 6221 ("An installment sale contract shall: (1) be in writing; (2) contain all the agreements between a buyer and an installment seller relating to the installment sale of the motor vehicle sold; (3) be signed by the buyer and seller; and (4) be complete as to all essential provisions before the buyer signs the contract."). Accordingly, we discern no error. **See Feingold**, **supra**; **Elwyn**, **supra** at 461.

Second, Appellants argue that federal law requires the arbitrator to determine, in the first instance, the scope and application of the parties' arbitration agreement as well as the validity of the underlying contract. **See** Appellant's Brief, at 43-45, *quoting* **Buckeye Check Cashing Inc. v. Cardegna**, 546 U.S. 440, 445-46 (2006) ("[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract," and [], "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."); **Prima Paint Corp. v. Flood & Conklin Mfg. Co.**, 388 U.S. 395, 403 (1967) ("[T]he federal court is instructed to order arbitration to proceed once it is satisfied that the making of the agreement for arbitration or the failure to comply with the arbitration agreement is not in issue.") (brackets, quotation marks, and footnote omitted). **See also MXM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds**, 974 F.3d 386, 397 (3d. Cir. 2020) ("[A] claim of fraud in the inducement of the arbitration clause is for the court to decide, but a claim of fraud in the inducement of the

- 8 -

[underlying] contract is for the arbitrator. . . . Thus, under **Prima Paint**, absent a specific challenge to the validity of the arbitration clause specifically, the court must treat it as a valid and enforceable agreement and refer any challenges to the [underlying] contract to arbitration."). No relief is due.

Here, Appellees' challenge, in the trial court, was to the applicability and validity of the arbitration clause itself as it related to the dispute alleged in the complaint, not the validity of the RICSA or Buyers' Orders. **See Buckeye Check Cashing**, **supra**. As such, the **Prima Paint** rule requiring the arbitrator to pass, in the first instance, on the validity of the contract, is inapplicable to the instant facts. **See also Fellerman**, **supra** ("In [determining whether the trial court improperly overruled preliminary objections in the nature of a petition to compel arbitration], we employ a two-part test[.] First, we examine whether a valid agreement to arbitrate exists. Second, we must determine whether the dispute is within the scope of the agreement.");[7] **Bair v. Manor Care of Elizabethtown, PA, LLC**, 108 A.3d

_____

[7] Initially, we find that Zentner agreed to arbitration in her Buyer's Order in satisfaction of the first prong of the **Fellerman** test because she checked a box on the document indicating that her agreement was subject to arbitration. Conversely, the same box was not checked on Kivett's Buyer's Order. Nevertheless, both Zentner and Kivett fail the second **Fellerman** prong, insofar as we have already determined that the parties did not include an arbitration agreement in the RICSAs, and that the RICSA—and not the Buyer's Order—must contain all of the agreements between the parties as it relates to issues arising out of the installment sale of a vehicle. **See Knight**, **supra**; **see also** 12 Pa.C.S.A. § 6221. Therefore, the scope of the arbitration clauses in the Buyers' Orders do not extend to the disputes in this case arising from
*(Footnote Continued Next Page)*

94, 96 (Pa. Super. 2015) ("The issue of whether parties agreed to arbitrate is generally one for the court, not the arbitrators.").

Third, Appellants argue that federal law requires that all presumptions be applied in favor of arbitration. Specifically, Appellants argue that the Federal Arbitration Act (FAA)[8] mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Appellants Brief, at 27-28, *quoting* **Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.**, 460 U.S. 1, 24-25 (1983). Additionally, Appellants cite to the United States Supreme Court decision in **AT&T Techs. v. Communs. Workers of Am.**, 475 U.S. 643 (1986), for the proposition that:

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage."

**Id.** at 650 (citation omitted). No relief is due.

Here, we conclude, "with positive assurance," **see id.**, that the MVSFA requires any RICSA to contain all of the agreements between buyer and seller relating to the installment sale of a motor vehicle, **see Knight**, **supra**; **see also** 12 Pa.C.S.A. § 6221, and because the RICSAs at issue in this case did not include any arbitration agreement, there was none made between the

_____

the repossession of secured vehicles sold by installment contract. **See Elwyn**, **supra** at 461.

[8] 9 U.S.C. § 4.

parties covering the instant dispute. ***See Feingold***, ***supra***; ***Elwyn***, ***supra*** at 461. As such, the arbitration clause found in the Buyers' Orders is not "susceptible of an interpretation that covers the asserted dispute." ***See AT&T Techs.***, ***supra*** at 650.

Fourth, Appellants argue that federal law provides for arbitration clauses to remain in effect after the termination of the agreements in which they are contained. ***See*** Appellant's Brief, at 48, *citing* ***Litton Fin. Printing Div. v. NLRB***, 501 U.S. 190, 208 (1991). Specifically, Appellants argue that the arbitration clause in the Buyers' Orders survived, even if it was subsumed by the RICSA, and was included in the final agreement between the parties. ***Id.*** at 49, *citing* ***Bank Julius Baer & Co., Ltd. v. Waxfield Ltd.***, 424 F.3d 278 (2d Cir. 2005).

Nevertheless, here, again, the entire agreement was required to have been included in the RICSA. ***See Knight***, ***supra***; ***see also*** 12 Pa.C.S.A. § 6221. Moreover, the agreement in ***Bank Julius Baer*** contained an arbitration clause that was never terminated and, instead, was expressly incorporated, because the text of the incorporation clause stated, "without exception, all the rights and remedies provided in this Agreement are **cumulative** and not exclusive of any rights or remedies provided under **any other agreement** or by law or in equity." ***Bank Julius Baer***, ***supra*** at 283 (emphasis in original). Conversely, here, the parties agreed that the RICSAs would constitute the entirety of the agreements. ***See supra***, at n.5.

Accordingly, having failed to discern any abuse of discretion or error of law, *see Feingold*, *supra*; *Fellerman*, *supra*, we conclude that the court properly overruled Appellants' preliminary objection seeking to compel arbitration. *See* Pa.R.C.P. No. 1028(a)(6).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/08/2022