J-S25018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TYLER B. MILLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMCAST CORPORATION | : | No. 387 EDA 2021 |

Appeal from the Order Entered January 22, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200700382

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED NOVEMBER 22, 2021**

Tyler B. Miller appeals from the order sustaining the preliminary objections filed by the Comcast Corporation ("Comcast") and dismissing his Amended Complaint with prejudice. We affirm.

Miller commenced this action in July 2020 by the filing of a civil complaint. He filed an Amended Complaint in October 2020 alleging he is "an unpaid no contract intern" and that since 2009 Comcast has "use[d] him in movies, TV shows, music, and commercials" and put him "in the worst possible light." Amended Complaint at ¶ 1. He lists movies allegedly made by Comcast, including the Despicable Me series, Identity Theft, The Purge, A Million Ways to Die in the West, Happy Death Day, Happy Death Day 2U, The Invisible Man, and The Hunt, and seems to allege they are about him or made to threaten

---

[*] Retired Senior Judge assigned to the Superior Court.

him. He claims Comcast is "telling a story about [his] life" and "trying to kill [him], or trying [to] get people to kill [him]." ***Id.*** at 9. He asserts a claim of intentional infliction of emotional distress ("IIED").

Comcast filed Preliminary Objections based on res judicata and collateral estoppel,[1] failure to state a claim, and that the allegations are facially implausible. Miller filed an Answer to the Preliminary Objections.

The trial court issued an order sustaining the Preliminary Objections and dismissing the Amended Complaint with prejudice, without explanation. Miller filed a timely notice of appeal. The court ordered that Miller file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The order warned that "[a]ny issue not properly included in this Statement shall be deemed waived." Order, filed May 12, 2021.

Miller filed a Rule 1925(b) statement with the following three paragraphs:

> 1. I am fearful for my life, in this situation, this is the first time I have dealt with Preliminary Objections, the Court could of done more to help my extremely abusive, and dangerous situation, with Comcast.
>
> 2. The Trial Court has not sufficiently stated its basis, but my educated guesses that the Trial Court accepted Comcast Corporations vague, and bare Defenses. They didn't explain

---

[1] Miller also filed a complaint against Comcast in federal court alleging IIED. The federal district court dismissed the complaint with prejudice and the Court of Appeals affirmed. ***See Miller v. Comcast***, Civil Action No. 17-cv-5564, 2018 WL 10626475 (E.D. Pa. Feb. 16, 2018), *aff'd*, ***Miller v. Comcast***, 724 Fed. Appx. 181 (3d Cir. 2018) (per curiam).

their defense well, and they did not go much in depth, to counter my defenses, from their Preliminary Objections.

3. My Evidence (pictures), and nonconclusory statements was obvious and sufficient, the Judge could see then, and can see now, their abuse of me, it was blatantly clear, that Comcast did not have any explanation for.

1925(b) Statement, filed May 17, 2021.

Miller's brief lists the following issues, verbatim:

1. Whether Tyler Miller's claims, which has already been fully litigated through two levels of the Federal Court System, is barred by the doctrines of res judicata, and collateral estoppel?

2. Whether Tyler Miller's claims Fails as a matter of law because, even if my allegations are true, Comcast's alleged conduct fails to rise to the level of "extreme and outrageous" required for "Intentional Infliction of Emotional Distress" under Pennsylvania law?

3. Whether Tyler Miller claims Fails as a matter of law, because he has only pled bare, fantastical allegations, and has failed to plead any facts that would allow this Court to reasonably infer that he is entitled to relief?

Miller's Br. at 2 (omitting suggested answers).[2]

The issues Miller asserts on appeal were not included in his Rule 1925(b) Statement. He therefore waived them. Pa.R.A.P. 1925(b)(4)(vii). **See also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (finding any issues not included in Rule 1925(b) statement are waived); **Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223, 226 n.2 (Pa.Super. 2005) (noting **Lord** applies in civil and criminal cases).

---

[2] Miller listed the issues contained Comcast's Statement of Questions in its Memorandum of Law In Support of Preliminary Objections, and answered each with a suggested answer of "[a]bsolutely not."

Furthermore, even if he had not waived his issues, we would affirm. In reviewing an order sustaining preliminary objections, we must determine whether the trial court committed an error of law. **Feingold v. Hendrzak**, 15 A.3d 937, 941 (Pa.Super. 2011) (citing **Haun v. Cmty. Health Sys., Inc.**, 14 A.3d 120, 123 (Pa.Super. 2011)). "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." **Id.** We must accept as true "all material facts set forth in the challenged pleadings [and] all inferences reasonably deducible therefrom." **Id.** (citation omitted). "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." **Id.** (citation omitted).

To state an IIED claim, a plaintiff must plead that the defendant intentionally acted with "extreme and outrageous conduct" causing severe emotional distress. **John v. Phila. Pizza Team, Inc.**, 209 A.3d 380, 383 (Pa.Super. 2019) (quoting **Dawson v. Zayre Dep't Stores**, 499 A.2d 648, 649 (Pa.Super. 1985)); **Hoy v. Angelone**, 720 A.2d 745, 754 (Pa. 1998) (quoting Restatement (Second) of Torts § 46(1) (1965)). Outrageous conduct is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." **Hoy**, 720 A.2d at 754. Liability for IIED "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." **Miller v. Peraino**, 626 A.2d 637, 641

(Pa.Super. 1993) (quoting ***Kazatsky v. King David Mem'l Park, Inc.***, 527 A.2d 988, 995 (Pa. 1987)).

Miller contends Comcast is targeting and harassing him, but the Amended Complaint does not support an IIED claim. The Amended Complaint contains opinions, suspicions, and accusations but does not allege facts to establish Comcast intentionally engaged in extreme and outrageous conduct that caused Miller severe emotional distress. ***See Feingold***, 15 A.3d at 942 (affirming order sustaining preliminary objections where the complaint contained "nothing more than conclusory[,] unsubstantiated suspicions and allegations that [Appellees] engaged in improper and fraudulent conduct intended to deprive [Appellant] of money to which he was allegedly entitled").[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/22/2021

---

[3] Because the court did not err in sustaining the demurrer, we would not need to address Miller's other issues, if he had not waived them.